30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronnie Gene ELLIS, Plaintiff-Appellee,
v.
J.D. SHARP, individually and as Sheriff of Oklahoma County,
Defendant-Appellant.
 No. 93-6242.
 United States Court of Appeals, Tenth Circuit.
 Aug. 4, 1994.
 
 1
 Before TACHA and EBEL, Circuit Judges, and ROGERS,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Ronnie Gene Ellis was arrested for speeding and driving under the influence (DUI) of alcohol. He was transported to the Oklahoma County jail and was unable to post bond. Consequently, plaintiff had to be admitted into the jail. Pursuant to an Oklahoma County jail policy promulgated by defendant J.D. Sharp, requiring strip searches on all prisoners admitted into the general jail population, plaintiff was strip searched. He was required to remove all of his clothing and to bend over and spread his buttocks for visual inspection. The jail personnel had no suspicion that plaintiff was concealing weapons or contraband.
 
 
 4
 Plaintiff sued under 42 U.S.C.1983, claiming the strip search violated his Fourth Amendment rights and the policy requiring the strip search is unconstitutional. The district court, granting partial summary judgment to plaintiff, ruled that the search violated plaintiff's Fourth Amendment rights and that the policy requiring the strip search is unconstitutional. Based on the evidence presented at a bench trial, the court awarded plaintiff $12,500 in damages. Defendant now appeals. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 5
 On appeal, defendant contests the district court's ruling that the strip search policy is unconstitutional. Defendant claims that routine strip searches of pretrial detainees who will be intermingled with jail personnel are permissible under Bell v. Wolfish, 441 U.S. 520 (1979). Defendant also disputes that the search violated plaintiff's Fourth Amendment rights. Defendant contends that the search was reasonable because plaintiff was arrested on a "serious" misdemeanor DUI charge, punishable by up to one year in prison; plaintiff was searched only when it became necessary to admit him into the general jail population; the intrusiveness of the search was minimized because the search was conducted while plaintiff was dressing into jail-issued clothing; and jail personnel did not know how long plaintiff would remain in jail, nor did they know whether plaintiff had a criminal record. Under these circumstances, defendant contends, safety concerns for the jail personnel and prison population justified plaintiff's strip search. Defendant's final argument on appeal is that the evidence does not support the award of $12,500 in damages.
 
 
 6
 We review de novo the district court's summary judgment determination that plaintiff is entitled to judgment as a matter of law. Cottrell v. Kaysville City, 994 F.2d 730, 733 (10th Cir.1993). We can affirm only if there are no genuine disputes over material facts. Id. We review the district court's finding as to the amount of damages for clear error. See Whiteis v. Yamaha Int'l Corp., 531 F.2d 968, 972 (10th Cir.), cert. denied, 429 U.S. 858 (1976).
 
 
 7
 To determine whether a strip search was reasonable under Fourth Amendment standards, we must balance " 'the need for the particular search against the invasion of personal rights that the search entails.' " Chapman v. Nichols, 989 F.2d 393, 395 (10th Cir.1993)(quoting Wolfish, 441 U.S. at 559). "Factors to consider include the scope of the intrusion, the manner in which it was conducted, the justification for initiating the search, and, finally, the place where the search took place." Cottrell, 994 F.2d at 734. We have held that without a reasonable suspicion that a particular detainee is concealing contraband or weapons, a blanket policy requiring routine strip searches of detainees arrested for minor traffic offenses and awaiting bail is unconstitutional. Chapman, 989 F.2d at 395.
 
 
 8
 This circuit has rejected defendant's theory that intermingling of pretrial detainees with the general prison population can always justify a strip search. Hill v. Bogans, 735 F.2d 391, 394 (10th Cir.1984)("[I]ntermingling is only one factor to consider in judging the constitutionality of a strip search"). Even when detainees will be intermingled with the general prison population, the need for a particular search must be weighed against the invasion of privacy a strip search entails. See Chapman, 989 F.2d at 396-97. We evaluate the need for the search in light of the circumstances of the particular search at issue. See id.; Hill, 735 F.2d at 394; see also Masters v. Crouch, 872 F.2d 1248, 1254 (6th Cir.) ("[I]ntermingling alone has never been found to justify such a search without consideration of the nature of the offense and the question of whether there is any reasonable basis for concern that the particular detainee will attempt to introduce weapons or other contraband into the institution."), cert. denied, 493 U.S. 977 (1989).
 
 
 9
 After reviewing the record in the light most favorable to the defendant, see Cottrell, 994 F.2d at 733, we agree with the district court that the search at issue was unconstitutional. Although DUI is not a minor traffic offense, it is " 'not commonly associated by its very nature with the possession of weapons or contraband....' " Hill, 735 F.2d at 394 (quoting Logan v. Shealy, 660 F.2d 1007, 1013 (4th Cir.1981), cert. denied, 455 U.S. 942 (1982)). The jail personnel had no individualized suspicion that plaintiff was concealing contraband or weapons. They never performed a pat down search on plaintiff. The record discloses nothing about the circumstances of the arrest or the behavior or characteristics of plaintiff that would justify the search. We reject defendant's contention that the search was reasonable because jail officials did not know whether plaintiff had a criminal record or how long it would take for bond to be posted. While duration of confinement and criminal record are not irrelevant, the lack of information on these factors cannot, under these circumstances, justify the search.
 
 
 10
 Finally, regarding the damages issue, after reviewing the district court's ruling and relevant evidence, we cannot conclude the district court's award was clearly erroneous.
 
 
 11
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470